UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LARRY WILBURN, JR.,

           Plaintiff,

vs.

CITY OF ALBANY, City of Albany Police Officers DEVIN ANDERSON and JOHN DOE 1, whose name is presently unknown, individually and/or as agents, servants, and/or employees of the City of Albany, COUNTY OF ALBANY, HON. CRAIG D. APPLE, Albany County Sheriff, JOHN/JANE DOE 2 and 3, CORRECTIONAL MEDICAL CARE, INC., and JOHN/JANE DOE 4 and 5,

           Defendants.

**ATTORNEY AFFIDAVIT**

Case No.: 1:13-CV-1452 (GLS/CFH)

---

STATE OF NEW YORK  )
COUNTY OF ONONDAGA )ss:

DANIEL R. RYAN, being duly sworn, deposes and says:

1. I am an attorney duly licensed to practice in the State of New York and a partner in the law firm of Smith, Sovik, Kendrick & Sugnet, P.C., attorneys for defendant, **CORRECTIONAL MEDICAL CARE, INC.** As such, I am fully familiar with the facts and circumstances of this case through my review of the file maintained by this office.

2. I make this affidavit in support of defendant's pre-answer motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress; and punitive damages with prejudice on the grounds that plaintiff's allegations are barred by the statute of limitations established by General Municipal Law §§ 50-i(1) and 50-d, and are barred because of plaintiff's failure to file and serve a notice of claim as required by General Municipal Law § 50-

e. Additionally, plaintiff's punitive damages claim should be dismissed because the facts alleged in the complaint do not provide any evidence that defendant's actions were wanton, intentional, criminal, malicious or in disregard to plaintiff's rights.

## PROCEDURAL HISTORY

3. Plaintiff commenced this action by filing a Summons and Complaint on November 22, 2013, a copy of which is attached as **Exhibit "A."** Plaintiff alleged the following federal claims resulting from events occurring on or after his arrest on May 26, 2012 and subsequent incarceration in Albany County Correctional Facility until June 22, 2012: excessive force; unlawful arrest; unlawful imprisonment; malicious prosecution; and violation of his Eighth Amendment rights. *See* Exhibit A. Plaintiff alleged the following state law claims: battery; assault; false arrest; false imprisonment; malicious prosecution; intentional infliction of emotional distress; negligence; negligent hiring, supervision and training; negligent infliction of emotional distress; and punitive damages. *See* Exhibit A.

4. Specific to defendant, Correctional Medical Care, Inc., plaintiff alleges state law causes of action for negligence; negligent hiring, supervision and training; negligent infliction of emotional distress; and punitive damages. *See* Exhibit A.

5. Notably, plaintiff did not file and serve a notice of claim prior to commencing the instant action.

## FACTUAL BACKGROUND

6. According to the complaint, on May 26, 2012, plaintiff was arrested by an Albany County police officer. *See* Exhibit A, at ¶ 15-23.

2

7. Plaintiff was subsequently incarcerated in Albany County Correctional Facility from May 26, 2012 to June 22, 2012. *See* Exhibit A, at ¶ 15-24.

8. Plaintiff alleges he was not provided adequate and necessary medical assistance while incarcerated at Albany County Correctional Facility because he was only fed bouillon cubes, was not permitted to shower and his requests for medical assistance and hospital care were refused or ignored. *See* Exhibit A, at ¶¶ 27-29.

9. It is undisputed Albany County is a municipal entity and is, therefore, governed by the provisions of the General Municipal Laws. Defendant is contracted as an agent of Albany County to provide medical care and treatment to the inmates of the correctional facility. As an agent of this municipal entity, defendant is also governed by the General Municipal Laws. *See* Memorandum of Law.

### **PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

10. Plaintiff's complaint alleges numerous state law claims for negligent conduct that occurred between his arrest and incarceration on May 26, 2012 until his release on June 22, 2012. *See* Exhibit A.

11. Because defendant is an agent of a municipality, the statute of limitations governed by General Municipal Law § 50-i(1) and 50-d apply to the facts of this case. *See* Memorandum of Law. Thus, the one year and ninety day statute of limitations applies to all state law claims made in this case.

12. Assuming, for the sake of this motion only, that the last alleged negligent action occurred on June 22, 2012, the day plaintiff was released from Albany County Correctional Facility, plaintiff had until September 20, 2013 to file his Summons and Complaint. However,

3

plaintiff waited over one year and five months to commence this lawsuit, and commenced this action on November 22, 2013. *See* Exhibit A. Because plaintiff failed to file his summons and complaint within the one year and ninety days statute of limitations, his state law claims must be dismissed with prejudice. *See* Memorandum of Law.

13. For these reasons, plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress and punitive damages should be dismissed as time-barred by the applicable statute of limitations.

## PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO FILE AND SERVE A NOTICE OF CLAIM

14. In New York, a plaintiff asserting state law tort claims against a municipal defendant, its agents or employees must file and serve a notice of claim as a statutory precedent to suit. *See* Memorandum of Law. Where a notice of claim is not filed, plaintiff's claims may be dismissed for failure to state a cause of action. *See* Memorandum of Law.

15. In this case, because defendant is an agent of a municipality, Albany County, plaintiff must file and serve a notice of claim.

16. It is undisputed that plaintiff did not file and serve a notice of claim on any defendant in this action.

17. Plaintiff's failure to file and serve a notice of claim necessitates dismissal of plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress and punitive damages with prejudice.

## PLAINTIFF'S PUNITIVE DAMAGES CLAIM MUST BE DISMISSED BECAUSE THERE ARE NO FACTS PLEAD IN THE COMPLAINT EVIDENCING DEFENDANT'S ACTIONS WERE WANTON, INTENTIONAL, CRIMINAL, MALICIOUS OR IN DISREGARD TO PLAINTIFF'S RIGHTS

18. Punitive damages may be awarded in § 1983 cases when defendant's conduct is malicious, or involves callous or reckless indifference to federally protected rights. *See* Memorandum of Law.

19. Similarly, in a malpractice action, punitive damages are "not recoverable unless the conduct is wantonly dishonest, grossly indifferent to patient care, or malicious and/or reckless." *See* Memorandum of Law.

20. Where a plaintiff does not plead facts that evidence wanton behavior or misconduct in disregard to plaintiff's rights, plaintiff's punitive damages claim should be dismissed. *See* Memorandum of Law.

21. In this case, plaintiff conclusively asserts defendants' conduct was "wanton, intentional, criminal, malicious and in reckless disregard of plaintiff's rights. *See* Exhibit A, at ¶ 134. However, plaintiff utterly fails to provide any evidence to support these assertions.

22. Plaintiff alleges he was "fed only bouillon cubes and was not permitted to shower due to this injuries caused by Defendant Albany Police Officers." Exhibit A, at ¶ 27. Plaintiff also alleges he made numerous requests for medical assistance and hospital care, but these requests were refused or ignored. *See* Exhibit A, at ¶¶ 28-29.

23. Even assuming these allegations are true, for the sake of this motion only, plaintiff's allegations do not support a punitive damages claim. Plaintiff does not provide any evidence demonstrating defendant's actions were wanton, intentional, criminal, malicious, grossly indifferent, or in disregard to plaintiff's rights.

5

24. For these reasons, plaintiff's punitive damages claims should be dismissed as a matter of law.

WHEREFORE, defendant, CORRECTIONAL MEDICAL CARE, INC., respectfully requests an Order of this Court granting its pre-answer motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress; and punitive damages with prejudice as barred by the provisions of General Municipal Law §§ 50-i(1), 50-d and 50-e. Defendant also respectfully requests an Order of this Court dismissing plaintiff's punitive damages claim, and for any such further relief as the Court deems just and proper.

_____
Daniel R. Ryan

Sworn to before me this
29th day of January, 2014.

_____
Notary Public

CAROLYN A. MORGAN
Notary Public, State of New York
No. 01MO5046393
Qualified in Oneida County
Commission Expires July 17, 2015