# EXHIBIT "A"

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| Larry Wilburn, Jr. | )<br>) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:13-cv-1452 (GLS/CFH) |
| City of Albany, et al. | )<br>) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Correctional Medical Care, Inc.
653 Skippack Pike, Suite 118
Blue Bell, Pennsylvania 19422

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lee C. Kindlon, Esq.
Kindlon Shanks & Associates
74 Chapel Street
Albany, New York 12207

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Clerk of Court

Date:   _____11/22/2013_____

_____
s/ Nicole Killius
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   1:13-cv-1452 (GLS/CFH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                          *Server's signature*

                              _____
                                          *Printed name and title*


                              _____
                                          *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT     NORTHERN DISTRICT OF NEW YORK

LARRY WILBURN, JR.,

                    Plaintiff,

   -against-

CITY OF ALBANY; City of Albany Police Officers
DEVIN ANDERSON and JOHN DOE 1, whose name
is presently unknown, individually and/or as agents,
servants, and/or employees of the City of Albany;
COUNTY OF ALBANY; Hon. CRAIG D. APPLE,
Albany County Sheriff; JOHN/JANE DOE 2 and 3;
CORRECTIONAL MEDICAL CARE, INC.; and
JOHN/JANE DOE 4 and 5.

                    Defendants.

**COMPLAINT**

**JURY DEMANDED**

Case No. 1:13-cv-1452 (GLS/CFH)

     Plaintiff, Larry Wilburn, Jr., by his attorneys, KINDLON SHANKS & ASSOCIATES,

respectfully submits the following upon information and belief:

## INTRODUCTION AND JURISDICTION

    1.     This is an action at law to redress the deprivation by the Defendants, acting under

color of statute, ordinance, regulation, custom, and/or usage, of a right, privilege or immunity

secured to the Plaintiff by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the

Constitution of the United States of America, with intent to deny Plaintiff his civil rights, all of

which arise under federal law, particularly Title 42 U.S.C. sections 1982, 1983, 1985, and 1988,

and the Constitutions, Laws and Statutes of the United States and the State of New York;

additionally, Plaintiff asserts common law causes of action for assault, battery, false arrest, false

imprisonment, malicious prosecution, intentional infliction of emotional distress, negligence, and

negligent infliction of emotional distress, which are so related to Plaintiff's civil rights claims

that they form part of the same case and controversy under Article III of the United States

Constitution.

2.     The jurisdiction of this court is invoked under the following statutes:

  A.     28 U.S.C. Section 1331, and

  B.     28 U.S.C. Section 1343(3), and

  C.     28 U.S.C. Section 1367.

## THE PARTIES

3.     At all times relevant, Plaintiff **LARRY WILBURN, JR.,** was and is a resident of the City and County of Albany, State of New York, in the Northern District of New York.

4.     At all times relevant, Defendant **CITY OF ALBANY** was and is a municipal corporation within the County of Albany, State of New York, in the Northern District of New York, and was the employer of the various named and unnamed members of the City of Albany Police Department designated as Defendants herein.

5.     At all times relevant, Defendant **DEVIN ANDERSON**, City of Albany Police Officer, was an agent, servant, and/or employee of the City of Albany, employed by the Albany Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

6.     At all times relevant, Defendant **JOHN DOE 1**, City of Albany Police Officer, whose name is presently unknown, was an agent, servant and/or employee of the City of Albany, employed by the Albany Police Department and was acting in his/her individual and/or official capacity under the color of state law and within the scope of his/her employment.

7.     At all times relevant, Defendant **COUNTY OF ALBANY** was and is a municipal corporation within the State of New York, in the Northern District of New York, and was and is the employer of the various named and unnamed members of the Albany County Sheriff's Office and Albany County Correctional Facility.

8.      At all times relevant, Defendant **Hon. CRAIG D. APPLE** was and is the Sheriff

of Albany County, and was and is the public official ultimately responsible for the policies,

practices, procedures, supervision and all other aspects of the operation of the Albany County

Sheriff's Office, including the Albany County Correctional Facility, and was acting in his

individual and/or official capacity under color of state law and within the scope of his

employment.

9.      At all times relevant, Defendants **JOHN/JANE DOE 2 and 3** whose names are

presently unknown, were agents, servants and/or employees of the County of Albany, employed

by the Albany County Sheriff's Office and were acting in their individual and/or official capacity

under the color of state law and within the scope of their employment.

10.      At all times relevant, Defendant **CORRECTIONAL MEDICAL CARE, INC**

("CMC") was and is a corporation duly organized under the laws of the State of Pennsylvania

with its principal place of business in Blue Bell, Pennsylvania, was and is registered to do

business in the State of New York as a foreign corporation, and was and is the employer of the

various named and unnamed members of CMC.

11.      At all times relevant, Defendants **JOHN/JANE DOE 4 and 5** whose names are

presently unknown, were agents, servants and/or employees of CMC, and were acting in their

individual and/or official capacity and within the scope of their employment.

12.      At all times relevant, Defendant CMC had a contract with Defendant County of

Albany to provide medical services to the inmates of Albany County Correctional Facility.

13.      Each and all of the acts of the aforementioned Defendants concerning Plaintiff

were done in violation of state and federal law as well as constitutional principles, and were done

under the color or pretense of the statutes, ordinances, regulations, customs, policies, and/or

usages of the State of New York.

14.    Plaintiff sues each Defendant in his or its individual and/or official capacity.

## THE FACTS

15.    On or about May 26, 2012, at around 1:30 a.m., Plaintiff Larry Wilburn, Jr. was a passenger in an automobile driven by Anthony Payne through the City of Albany.

16.    At the intersection of Judson Street and Second Street, in the City of Albany, the automobile was unlawfully stopped by Defendant Albany Police Officers.

17.    Defendant Albany Police Officer opened the passenger side door of the car and grabbed Mr. Wilburn's shoulder.

18.    Defendant Albany Police Officers pulled Mr. Wilburn out of the car and threw him to the ground.

19.    Defendant Albany Police Officers kicked Mr. Wilburn in the face, causing Mr. Wilburn to lose consciousness.

20.    Defendant Albany Police Officers continued to kick and punch Mr. Wilburn while he was unconscious.

21.    The actions of Defendant Albany Police Officers caused Mr. Wilburn numerous injuries and severe pain and suffering.

22.    Then, in the absence of a thorough or proper investigation, without probable cause and/or an arrest warrant, Mr. Wilburn was falsely arrested by Defendant Albany Police Officers and falsely charged with certain criminal offenses, constituting a malicious prosecution under both federal and state law.

23.    Mr. Wilburn was taken before Albany City Court for arraignment and was remanded to the care and custody of the Albany County Sheriff's Office.

24.     Mr. Wilburn remained unlawfully incarcerated in Albany County Correctional

Facility from approximately May 26, 2012 until June 22, 2012.

25.     At some point Albany Police Officers unlawfully searched Mr. Wilburn's home

and confiscated $100.00 U.S. Currency, a bracelet, and a ring, which have not been returned to

Mr. Wilburn.

26.     While incarcerated in Albany County Correctional Facility, Mr. Wilburn

experienced severe pain and suffering from the numerous injuries, including a fractured jaw,

inflicted upon him by Defendant Albany Police Officers.

27.     While incarcerated in Albany County Correctional Facility, Mr. Wilburn was fed

only bouillon cubes and was not permitted to shower due to the injuries caused by Defendant

Albany Police Officers.

28.     While incarcerated in Albany County Correctional Facility, Mr. Wilburn made

numerous requests for medical assistance and hospital care.

29.     Mr. Wilburn's requests for medical assistance and hospital care were either

refused or ignored by John/Jane Doe 2 through 5, and other agents, servants, and/or employees

of the County of Albany, the Albany County Sheriff's Office and/or CMC.

30.     Because Mr. Wilburn was not provided adequate and necessary medical

assistance and care while incarcerated at Albany County Correctional Facility, Mr. Wilburn

suffered additional unnecessary pain and his injuries, including his fractured jaw, did not heal

properly.

31.     By the time Mr. Wilburn was brought to a hospital, the medical professionals had

to take corrective procedures and re-break his jaw, which caused Mr. Wilburn additional

unnecessary pain.

32.    Mr. Wilburn's jaw was then wired shut for approximately one month.

33.    Significantly, Mr. Wilburn was never indicted on the criminal charges.

34.    On or about October 9, 2013, the criminal charges were dismissed by an Albany City Court Judge at the direction and on the motion of Mr. Wilburn.

35.    At all times relevant Defendant City of Albany failed to adequately train and/or supervise the individual agents, employees, and/or servants of the City of Albany Police Department, named and unnamed, to avoid the constitutional violations of Plaintiff's rights and resultant damages described herein.

36.    At all times relevant Defendants Hon. Craig D. Apple and the County of Albany, failed to adequately train and/or supervise the individual agents, employees, and/or servants of the Albany County Sheriff's Office, named and unnamed, to avoid the constitutional violations of Plaintiff's rights, negligence, and resultant damages described herein.

37.    At all times relevant Defendant CMC failed to adequately train and/or supervise its individual agents, employees, and/or servants, named and unnamed, to provide necessary and adequate medical care and assistance and to avoid the harmful acts and omissions, negligence, and resultant damages described herein.

38.    As a result of the aforesaid acts of the Defendants, Mr. Wilburn suffered severe and permanent personal injury, pain and suffering, financial hardship and intentional and negligent infliction of emotional harm and other items of damages.

39.    As a result of the aforesaid acts of the Defendants, Mr. Wilburn was deprived of rights, privileges and/or immunities secured by the Constitution and laws of the United States and has been damaged thereby. The rights, privileges and immunities deprived by Defendants include, but are not limited to:

a.    Right to freedom from unlawful search and seizure;

b.    Right to equal protection under the laws;

c.    Right to freedom from unlawful retention of personal property;

d.    Right to freedom from unlawful arrest and imprisonment;

e.    Right to substantive due process;

f.    Right to procedural due process;

g.    Right to freedom from use, and/or threatened use, of excessive force;

h.    Right to be free from malicious prosecution; and

i.    Denial of liberty.

40.    As a result of the aforesaid acts of Defendants, Mr. Wilburn has suffered damages, including but not limited to denial of constitutional and civil rights, severe and permanent personal injuries and pain and suffering and psychological trauma and other losses and damages.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY OF ALBANY and City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: EXCESSIVE FORCE/42 U.S.C. 1983**

41.    Plaintiff repeats and realleges paragraphs "1" through "40" and incorporates the same herein by reference.

42.    At all times relevant Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** acted under color of law.

43.    At all times relevant the acts and omissions of Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were intentional, willful, malicious, and/or reckless.

44.    At all times relevant Defendants **CITY OF ALBANY,** City of Albany Police

Officers **DEVIN ANDERSON** and **JOHN DOE** were deliberately indifferent to Plaintiff **LARRY WILBURN**'s safety, health, and constitutional rights.

45.     By their deliberate indifference, **CITY OF ALBANY**, City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** deprived Plaintiff **LARRY WILBURN** of his right to be free from the use, and/or threatened use, of excessive force.

46.     The deprivation of the aforementioned rights resulted from the existence of a policy or custom of Defendant **CITY OF ALBANY**.

47.     As a result of the foregoing, Plaintiff **LARRY WILBURN** was caused to suffer emotional distress and physical suffering, and was damaged thereby.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY OF ALBANY and City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: UNLAWFUL ARREST/42 U.S.C. 1983

48.     Plaintiff repeats and realleges paragraphs "1" through "47" and incorporates the same herein by reference.

49.     At all times relevant Defendants **CITY OF ALBANY**, City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** acted under color of law.

50.     At all times relevant the acts and omissions of Defendants **CITY OF ALBANY**, City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were intentional, willful, malicious, reckless and/or without probable cause.

51.     At all times relevant Defendants **CITY OF ALBANY**, City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were deliberately indifferent to Plaintiff **LARRY WILBURN**'s safety, health, and constitutional rights.

52.     By their deliberate indifference, **CITY OF ALBANY**, City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** deprived Plaintiff **LARRY WILBURN** of his

right to be free from unlawful arrest.

53. The deprivation of the aforementioned rights resulted from the existence of a policy or custom of Defendant **CITY OF ALBANY**.

54. As a result of the foregoing, Plaintiff **LARRY WILBURN** was caused to suffer emotional distress and physical suffering, and was damaged thereby.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CITY OF ALBANY and City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: UNLAWFUL IMPRISONMENT/42 U.S.C. 1983**

55. Plaintiff repeats and realleges paragraphs "1" through "54" and incorporates the same herein by reference.

56. At all times relevant Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** acted under color of law.

57. At all times relevant the acts and omissions of Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were intentional, willful, malicious, reckless and/or without probable cause.

58. At all times relevant Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were deliberately indifferent to Plaintiff **LARRY WILBURN**'s safety, health, and constitutional rights.

59. By their deliberate indifference, **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** deprived Plaintiff **LARRY WILBURN** of his right to be free from unlawful imprisonment.

60. The deprivation of the aforementioned rights resulted from the existence of a policy or custom of Defendant **CITY OF ALBANY**.

9

61.    As a result of the foregoing, Plaintiff **LARRY WILBURN** was caused to suffer emotional distress and physical suffering, and was damaged thereby.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF ALBANY and City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: MALICIOUS PROSECUTION/42 U.S.C. 1983

62.    Plaintiff repeats and realleges paragraphs "1" through "61" and incorporates the same herein by reference.

63.    At all times relevant Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** acted under color of law.

64.    At all times relevant the acts and omissions of Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were intentional, willful, malicious, reckless and/or without probable cause.

65.    At all times relevant Defendants **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were deliberately indifferent to Plaintiff **LARRY WILBURN**'s safety, health, and constitutional rights.

66.    By their deliberate indifference, **CITY OF ALBANY,** City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** deprived Plaintiff **LARRY WILBURN** of his right to be free from malicious prosecution.

67.    The deprivation of the aforementioned rights resulted from the existence of a policy or custom of Defendant **CITY OF ALBANY.**

68.    As a result of the foregoing, Plaintiff **LARRY WILBURN** was caused to suffer emotional distress and physical suffering, and was damaged thereby.

10

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: COMMON LAW ASSAULT

69.     Plaintiff repeats and realleges paragraphs "1" through "68" and incorporates the same herein by reference.

70.     Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** intentionally placed Plaintiff **LARRY WILBURN** in apprehension of immediate physical injury by making threats of violence and/or by attempting to strike Plaintiff **LARRY WILBURN** in an attempt to cause him injury.

71.     Defendants' actions were a substantial and proximate causes of Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

72.     The injuries which Plaintiff **LARRY WILBURN** sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff **LARRY WILBURN** contributing thereto.

73.     By reason of Defendant's actions, Plaintiff **LARRY WILBURN** suffered severe pain and injuries, as well as severe and permanent emotional and physiological distress and harm.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: COMMON LAW BATTERY

74.     Plaintiff repeats and realleges paragraphs "1" through "73" and incorporates the same herein by reference.

75.     Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** intentionally struck and kicked Plaintiff **LARRY WILBURN** in the face, head, and body.

76.     Said bodily contact was offensive in nature.

77.     Defendants' actions were a substantial and proximate causes of Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

78.     The injuries which Plaintiff **LARRY WILBURN** sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff **LARRY WILBURN** contributing thereto.

79.     By reason of Defendants' actions, Plaintiff **LARRY WILBURN** suffered severe pain and injuries, as well as severe and permanent emotional and physiological distress and harm.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: COMMON LAW FALSE ARREST

80.     Plaintiff repeats and realleges paragraphs "1" through "79" and incorporates the same herein by reference.

81.     Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** intentionally and without probable cause or privilege took Mr. Wilburn into custody.

82.     Mr. Wilburn was aware of such arrest and did not consent to it.

83.     Defendants' actions were a substantial and proximate causes of Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

84.     The injuries which Plaintiff **LARRY WILBURN** sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff **LARRY WILBURN** contributing thereto.

85.     By reason of Defendants' actions, Plaintiff **LARRY WILBURN** suffered severe pain and injuries, as well as severe and permanent emotional and physiological distress and harm.

12

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: COMMON LAW FALSE IMPRISONMENT

86.   Plaintiff repeats and realleges paragraphs "1" through "85" and incorporates the same herein by reference.

87.   Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** intentionally and without probable or privilege cause took Mr. Wilburn into custody.

88.   Mr. Wilburn was aware of such confinement and did not consent to it.

89.   Defendants' actions were a substantial and proximate causes of Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

90.   The injuries which Plaintiff **LARRY WILBURN** sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff **LARRY WILBURN** contributing thereto.

91.   By reason of Defendants' actions, Plaintiff **LARRY WILBURN** suffered severe pain and injuries, as well as severe and permanent emotional and physiological distress and harm.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: COMMON LAW MALICIOUS PROSECUTION

92.   Plaintiff repeats and realleges paragraphs "1" through "91" and incorporates the same herein by reference.

93.   Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** intentionally and without probable or privilege initiated and continued a criminal proceeding against Mr. Wilburn.

94.   The criminal proceeding was initiated and continued with malice.

13

95.     The criminal proceeding terminated in Mr. Wilburn's favor.

96.     Defendants' actions were a substantial and proximate causes of Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

97.     The injuries which Plaintiff **LARRY WILBURN** sustained were caused by the joint, several and collective conduct of Defendants without any consent on the part of Plaintiff **LARRY WILBURN** contributing thereto.

98.     By reason of Defendants' actions, Plaintiff **LARRY WILBURN** suffered severe pain and injuries, as well as severe and permanent emotional and physiological distress and harm.

**AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANT City of Albany Police Officers DEVIN ANDERSON and JOHN DOE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

99.     Plaintiff repeats and realleges paragraphs "1" through "98" and incorporates the same herein by reference.

100.    Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** intentionally and violently struck and kicked Plaintiff **LARRY WILBURN** in the face, head, and body.

101.    Defendants' actions were extreme and outrageous.

102.    Defendants' actions were intended to cause severe and emotional distress to Plaintiff **LARRY WILBURN**.

103.    Defendants' actions were without the consent of Plaintiff **LARRY WILBURN**.

104.    By reason of Defendants' actions, Plaintiff **LARRY WILBURN** experienced and suffered severe and permanent emotional and physiological distress and harm.

14

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF ALBANY

105.    Plaintiff repeats and realleges paragraphs "1" through "104" and incorporates the same herein by reference.

106.    Defendant **CITY OF ALBANY** employed Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE**.

107.    Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were employed by Defendant **CITY OF ALBANY** when they breached the aforementioned rights and duties to Plaintiff **LARRY WILBURN**.

108.    Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE** were employed by Defendant **CITY OF ALBANY** when they committed the acts and omissions constituting Assault, Battery, False Arrest, False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress, as described above, against Plaintiff **LARRY WILBURN**.

109.    At all times relevant, Defendant **CITY OF ALBANY** did, or could have, exercised some control, directly or indirectly, over the actions of Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE**.

110.    Defendant **CITY OF ALBANY** is vicariously liable for the actions and failures of Defendant City of Albany Police Officers **DEVIN ANDERSON** and **JOHN DOE**.

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, Hon. CRAIG D. APPLE, Albany County Sheriff, and JOHN/JANE DOE 2 and 3: EIGHTH AMENDMENT/42 U.S.C. 1983

111.    Plaintiff repeats and realleges paragraphs "1" through "110" and incorporates the same herein by reference.

112.    At all times relevant Defendants **COUNTY OF ALBANY**, Hon. **CRAIG D.**

15

APPLE, Albany County Sheriff, and their agents, servants, and employees, including
JOHN/JANE DOE 2 and 3, acted under color of law.

113.   At all times relevant the acts and omissions of Defendants COUNTY OF
ALBANY and Hon. CRAIG D. APPLE, Albany County Sheriff, and their agents, servants, and
employees, including JOHN/JANE DOE 2 and 3, were intentional, willful, malicious, and/or
reckless.

114.   At all times relevant Defendants COUNTY OF ALBANY and Hon. CRAIG D.
APPLE, Albany County Sheriff, and their agents, servants, and employees, including
JOHN/JANE DOE 2 and 3, were deliberately indifferent to Plaintiff LARRY WILBURN's
serious medical conditions and needs.

115.   By their deliberate indifference, Defendants COUNTY OF ALBANY and Hon.
CRAIG D. APPLE, Albany County Sheriff, and their agents, servants, and employees,
including JOHN/JANE DOE 2 and 3, deprived Plaintiff LARRY WILBURN of his right to be
free from cruel and unusual punishment.

116.   The deprivation of the aforementioned rights resulted from the existence of a
policy or custom of Defendant COUNTY OF ALBANY.

117.   As a result of the foregoing, Plaintiff LARRY WILBURN was caused to suffer
emotional distress and physical suffering, and was damaged thereby.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANTS
COUNTY OF ALBANY, Hon. CRAIG D. APPLE, Albany County Sheriff, JOHN/JANE
DOE 2 and 3, CORRECTIONAL MEDICAL CARE, INC., and JOHN/JANE DOE 4 and
5: NEGLIGENCE**

118.   Plaintiff repeats and realleges paragraphs "1" through "117" and incorporates the
same herein by reference.

119.    At all times relevant, Defendants **COUNTY OF ALBANY, Hon. CRAIG D.**

**APPLE**, Albany County Sheriff, and their agents, servants, and employees, including

**JOHN/JANE DOE 2 and 3**, and **CORRECTIONAL MEDICAL CARE, INC.** and their

agents, servants, and employees, including **JOHN/JANE DOE 4 and 5** owed a duty to Plaintiff

**LARRY WILBURN**, including but not limited to, a duty to exercise reasonable care for the

health and safety of the inmates, to provide adequate supervision to ensure the health and safety

of the inmates in their charge, to prevent foreseeable risk of health and harm to the inmates in

their care, to insure inmates are not subjected to deliberate indifference to serious medical needs,

to exercise the standard of skill and care commonly exercised by health care providers in the

community, to properly treat the inmates during their period of incarceration, and to employ and

consult competent and experienced physicians and other health care providers in examining,

treating, and providing medical care to inmates during incarceration.

120.    Defendants **COUNTY OF ALBANY, Hon. CRAIG D. APPLE**, Albany County

Sheriff, and their agents, servants, and employees, including **JOHN/JANE DOE 2 and 3**, and

**CORRECTIONAL MEDICAL CARE, INC.** and their agents, servants, and employees,

including **JOHN/JANE DOE 4 and 5** failed to use reasonable care in performing the

aforementioned duties.

121.    Defendants' negligence and failures were the substantial and proximate causes of

Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

122.    The injuries which Plaintiff **LARRY WILBURN** sustained were caused solely by

the joint, several and collective recklessness, carelessness, negligent acts, omissions and conduct

of the aforementioned Defendants without any negligence on the part of Plaintiff **LARRY**

**WILBURN** contributing thereto.

## AS AND FOR AN FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, Hon. CRAIG D. APPLE, Albany County Sheriff, JOHN/JANE DOE 2 and 3, CORRECTIONAL MEDICAL CARE, INC., and JOHN/JANE DOE 4 and 5: NEGLIGENCE

123. Plaintiff repeats and realleges paragraphs "1" through "122" and incorporates the same herein by reference.

124. At all times relevant, Defendants **COUNTY OF ALBANY, Hon. CRAIG D. APPLE**, Albany County Sheriff, and their agents, servants, and employees, including **JOHN/JANE DOE 2 and 3**, and **CORRECTIONAL MEDICAL CARE, INC.** and their agents, servants, and employees, including **JOHN/JANE DOE 4 and 5** owed a duty to Plaintiff **LARRY WILBURN**, including but not limited to, a duty to adequately supervise their agents, servants, employees, and those with whom they contract, to hire, contract with, and retain competent individuals and companies, and to properly train and instruct their agents, servants, employees, and those with whom they contract.

125. Defendants **COUNTY OF ALBANY, Hon. CRAIG D. APPLE**, Albany County Sheriff, and their agents, servants, and employees, including **JOHN/JANE DOE 2 and 3**, and **CORRECTIONAL MEDICAL CARE, INC.** and their agents, servants, and employees, including **JOHN/JANE DOE 4 and 5** failed to use reasonable care in performing the aforementioned duties.

126. Defendants' negligence and failures were the substantial and proximate causes of Plaintiff **LARRY WILBURN**'s injuries, pain and suffering.

127. The injuries which Plaintiff **LARRY WILBURN** sustained were caused solely by the joint, several and collective recklessness, carelessness, negligent acts, omissions and conduct of the aforementioned Defendants without any negligence on the part of Plaintiff **LARRY WILBURN** contributing thereto.

18

**AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANTS
COUNTY OF ALBANY, Hon. CRAIG D. APPLE, Albany County Sheriff, JOHN/JANE
DOE 2 and 3, CORRECTIONAL MEDICAL CARE, INC., and JOHN/JANE DOE 4 and
5: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

128.    Plaintiff repeats and realleges paragraphs "1" through "127" and incorporates the same herein by reference.

129.    Defendants **COUNTY OF ALBANY, Hon. CRAIG D. APPLE**, Albany County

Sheriff, and their agents, servants, and employees, including **JOHN/JANE DOE 2 and 3**, and

**CORRECTIONAL MEDICAL CARE, INC.** and their agents, servants, and employees,

including **JOHN/JANE DOE 4 and 5** breached its duties owed to Plaintiff **LARRY**

**WILBURN.**

130.    By reason of Defendants' negligence, Plaintiff **LARRY WILBURN**'s physical

health and safety was unreasonably endangered.

131.    By reason of Defendants' negligence, Plaintiff **LARRY WILBURN** feared for

his own health and safety.

132.    By reason of Defendants' negligent infliction of emotional distress, Plaintiff

**LARRY WILBURN** suffered severe pain and injuries, as well as severe and permanent

emotional and physiological distress and harm.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANTS City of
Albany Police Officers DEVIN ANDERSON and JOHN DOE, COUNTY OF ALBANY,
Hon. CRAIG D. APPLE, Albany County Sheriff, JOHN/JANE DOE 2 and 3,
CORRECTIONAL MEDICAL CARE, INC., and JOHN/JANE DOE 4 and 5: PUNITIVE
DAMAGES**

133.    Plaintiff repeats and realleges paragraphs "1" through "132" and incorporates the same herein by reference.

134.    Defendants' conduct as alleged herein was wanton, intentional, criminal,

malicious and in reckless disregard for the rights and safety of Plaintiff **LARRY WILBURN**.

19

135.   Defendants' conduct as alleged herein was of a highly immoral and debased character that reflects utter disregard for the laws, norms, and rules of society and the rights of the plaintiff in particular.

136.   By reason of the foregoing, defendant is liable to Plaintiff **LARRY WILBURN** for punitive damages in an amount to be determined at trial.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

a)   As and for the causes of action enumerated above, Plaintiff demands judgment against the Defendants in an amount to be determined by a jury, plus interest;

b)   Together with punitive and exemplary damages in an amount to be determined at trial;

c).   Costs, disbursements and attorney's fees pursuant to Title 42 U.S.C. § 1988 in this action; and

d)   Such other and further relief as this Court may deem just and proper.

Dated: November 18, 2013

KINDLON SHANKS & ASSOCIATES

By:       s/Lee C. Kindlon
          Bar Number: 511642
          *Attorneys for Plaintiff*
          74 Chapel Street
          Albany, New York 12207
          Telephone: (518) 434-1493
          Fax: (518) 432-7806
          E-mail: lkindlon@kindlon.com

FROM :Kindlon and Shanks,P.C.        FAX NO. :915184327806        Dec. 30 2013 02:54PM  P2

UNITED STATES DISTRICT COURT        NORTHERN DISTRICT OF NEW YORK

LARRY WILBURN, JR.,

                     Plaintiff,

     -against-

CITY OF ALBANY; City of Albany Police Officers
DEVIN ANDERSON and JOHN DOE 1, whose name
is presently unknown, individually and/or as agents,
servants, and/or employees of the City of Albany;
COUNTY OF ALBANY; Hon. CRAIG D. APPLE,
Albany County Sheriff; JOHN/JANE DOE 2 and 3;
CORRECTIONAL MEDICAL CARE, INC.; and
JOHN/JANE DOE 4 and 5.

                     Defendants.

**AFFIDAVIT OF SERVICE**

1:13-cv-1452 (GLS/CFH)

STATE OF NEW YORK   )
                      )   ss.
COUNTY OF ALBANY   )

Gennaro D. Calabrese, being duly sworn, deposes and says:

    1. That I am over 18 years of age and am not a party to this action.

    2. That on December 3, 2013, I served a copy of Plaintiff's Summons, Complaint, and the

G.O. #25 Filing Order issued by the Court, upon Defendant Correctional Medical Care, Inc., by

personally delivering and leaving two copies of Plaintiff's Summons, Complaint, and the G.O.

#25 Filing Order, along with a statutory fee, to and with Marybeth Huyck, a person authorized

by the New York Secretary of State to receive such service, at the office of the Department of

State, located at One Commerce Plaza, 99 Washington Avenue, 6th Floor in Albany, New York.

Sworn to before me this
3rd day of December, 2013.

Notary Public, State of New York

                                  Gennaro D. Calabrese

                            **Glen S. Hammond**
                   **Notary Public, State of New York**
                       **No. 02HA6249352**
                    **Qualified in Albany County**
               **Commission Expires 10/03/2015**

1