UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LARRY WILBURN, JR.,

                              Plaintiff,

vs.

CITY OF ALBANY, City of Albany Police Officers DEVIN ANDERSON and JOHN DOE 1, whose name is presently unknown, individually and/or as agents, servants, and/or employees of the City of Albany, COUNTY OF ALBANY, HON. CRAIG D. APPLE, Albany County Sheriff, JOHN/JANE DOE 2 and 3, CORRECTIONAL MEDICAL CARE, INC., and JOHN/JANE DOE 4 and 5,

                              Defendants.

**Case No.:  1:13-CV-1452 (GLS/CFH)**

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

                    Respectfully submitted,

                    **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**
                    Daniel R. Ryan, Esq.
                    (Bar Roll No: 513902)
                    *Attorneys for Defendant, Correctional Medical Care, Inc.*
                    250 South Clinton Street, Suite 600
                    Syracuse, New York 13202
                    Telephone:  (315) 474-2911

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i-ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 1

STANDARD OF REVIEW ..................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    PLAINTIFF'S STATE LAW CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO BRING HIS CLAIMS WITHIN THE APPLICABLE STATUTE OF LIMITATIONS ......................................................... 2

    II.   PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO FILE AND SERVE A NOTICE OF CLAIM ........................................ 5

    III.  PLAINTIFF'S PUNITIVE DAMAGES CLAIM MUST BE DISMISSED BECAUSE THERE ARE NO FACTS PLEAD IN THE COMPLAINT EVIDENCING DEFENDANT'S ACTIONS WERE WANTON, INTENTIONAL, CRIMINAL, MALICIOUS OR IN DISREGARD TO PLAINTIFF'S RIGHTS ........................................................... 8

CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

Cases

Arista Records LLC v. Lime Grp. LLC, 532 F.Supp.2d 556, 566 (S.D.N.Y. 2007) ...................... 1

AT & T v. N.Y. City Dep't of Human Res., 736 F. Supp. 496, 499 (S.D.N.Y. 1990) ................... 5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) .............................................................. 2

Bradley v. Rell, 703 F. Supp.2d 109 (N.D.N.Y. 2010) ............................................................... 2

Brown v. Metro. Transp. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989) .................................... 5

Dupree v. Guigliano, 20 N.Y.3d 921, 922 (N.Y. 2012) .......................................................... 9, 10

Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) ........................................................... 1

Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir.1999) ..................... 5

Horvath v. Daniel, 423 F. Supp. 2d 421, 422 (S.D.N.Y. 2006) ........................................... 5, 7, 8

Jeffries v. Harleston, 21 F.3d 1238, 1249 (2d Cir. 1994) ............................................................ 8

Krause v. Buffalo and Erie County Workforce Dev. Consortium, Inc., et al, 425
    F.Supp.2d 352, 365 .............................................................................................................. 2

Laroc v. City of New York, 46 A.D.3d 760, 761 (2d Dept. 2007) ................................................ 7

Loeber v. Town of Halfmoon, 1987 WL30310 N.D.N.Y. 1987) ................................................. 5

Marcus v. Rahn, 226 A.D.2d 597, 598 (2d Dept. 1996) .............................................................. 3

Marinaccio v. Town of Clarence, 20 N.Y.3d 506 (N.Y. 2013) ................................................... 10

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) ..................................... 1

Meiselman v. Richardson, 743 F. Supp. 143 (E.D.N.Y. 1990) .................................................... 2

Norr v. Spiegler, 72 A.D.2d 20, 22-23 (1st Dept. 1980) .............................................................. 6

Nuss v. McCally, 276 A.D.2d 679, 680 (2d Dept. 2000) .......................................................... 3, 7

Palmieri v. Village of Babylon, 800 N.Y.S.2d 351 (Suffolk Cnty. 2004) ..................................... 2

Pedrero v. Moreau, 81 N.Y.2d 731, 732 (1992) .......................................................................... 3

Prozeralik v. Capital Cities Communications, 82 N.Y.S.2d 466, 479 (1993) .............................. 10

Rattner v. Planning Comm'n of Vill. of Pleasantville, 156 A.D.2d 521 (2d Dept. 1989) .............. 6

Rey v. Park View Nursing Home, Inc., 692 N.Y.S.2d 686, 687 (2d Dept. 1999) .................. 10, 11

Rickets v. City of Hartford, 74 F.3d 1397, 1412 (2d Cir.1996) ........................................................ 8

Rivera v. Moreau, 81 N.Y.2d 731, 732 (1992) ............................................................................... 3

Roddy v. Lay, 2012 WL 4485680, *1 (W.D.N.Y. 2012) ............................................................ 6, 8

Rudolph v. Jerry Lynn, D.D.S., P.C., 16 A.D.3d 261, 261 (1st Dept. 2005) ................................. 9

Schiffer v. Speaker, 36 A.D.3d 520, 521 (1st Dept. 2007) ............................................................. 9

Self-Allah v. Annucci, 1998 WL 912008 (W.D.N.Y. Oct. 14, 1998) ............................................ 9

Shakur v. McGrath, 517 F.2d 983, 985 (2d Cir.1975) ............................................................ 5, 6, 8

Smith v. Wade, 461 U.S. 30, 56 (1983); ......................................................................................... 8

Twitchell v. MacKay, 78 A.D.2d 125 (4th Dept. 1980) .................................................................. 9

Warner v. Village of Goshen Police Dept., 256 F. Supp. 2d 171, 174 (S.D.N.Y. 2003) ................ 6

Werger v. City of New York, 724 N.Y.S.2d 852 (1st Dept. 2001) .................................................. 2

Wray v. City of New York, 340 F.Supp.2d 291, 305 (E.D.N.Y. 2004) ........................................... 5

Wrenn v. N.Y. City Health & Hosps. Corp., 104 F.R.D. 553, 557 (S.D.N.Y. 1985) ...................... 5

Statutes

CPLR § 214 ..................................................................................................................................... 2

CPLR § 214-a .................................................................................................................................. 2

General Municipal Law § 50-d ........................................................................................... 1,3, 4, 8, 11

General Municipal Law § 50-d(1) ............................................................................................... 3, 5

General Municipal Law § 50-d(2) ............................................................................................. 3, 4, 5

General Municipal Law § 50-e ......................................................................................... 1, 4, 5, 8, 11

General Municipal Law § 50-i .................................................................................................. 2, 4, 6

General Municipal Law §§ 50-i(1) ........................................................................................ 1, 2, 11

## PRELIMINARY STATEMENT

This Memorandum of Law, together with the affidavit of Daniel R. Ryan, Esq., is submitted in support of defendant's, Correctional Medical Care, Inc., (hereinafter "defendant") pre-answer motion to dismiss, pursuant to the Federal Rule of Civil Procedure 12(b)(6), plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress; and punitive damages with prejudice on the grounds that: 1) plaintiff's allegations are barred by the statute of limitations established by General Municipal Law §§ 50-i(1) and 50-d; 2) are barred because of plaintiff's failure to file and serve a notice of claim as required by General Municipal Law § 50-e; and 3) plaintiff's punitive damages claim should be dismissed because the facts alleged in the complaint do not provide any evidence that defendant's actions were wanton, intentional, criminal, malicious or in disregard to plaintiff's rights.

## STATEMENT OF FACTS

For a complete recitation of the facts, the Court is respectfully referred to the affidavit of Daniel R. Ryan, Esq., sworn to this 29th day of January, 2014 with attached exhibits.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Arista Records LLC v. Lime Grp. LLC*, 532 F.Supp.2d 556, 566 (S.D.N.Y. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## ARGUMENT

### POINT I

### PLAINTIFF'S STATE LAW CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO BRING HIS CLAIMS WITHIN THE APPLICABLE STATUTE OF LIMITATIONS

Pursuant to General Municipal Law § 50-i(1), a plaintiff must commence a personal injury action against a city, county, town or village within one year and ninety days after the happening of the event giving rise to the cause of action.[1] If plaintiff does not commence the action within this statutory period, it must be dismissed with prejudice. *See Werger v. City of New York,* 724 N.Y.S.2d 852 (1st Dept. 2001); *Palmieri v. Village of Babylon*, 800 N.Y.S.2d 351 (Suffolk Cnty. 2004).

According to CPLR § 214-a, plaintiff must commence a medical malpractice suit within two and a half years of the act, omission or failure complained of. *See* CPLR § 214-a. Pursuant to CPLR § 214, the statute of limitations for claims grounded in negligence is three years from the date of the event giving rise to the cause of action. *See* CPLR § 214.

With respect to determining which statute of limitation applies in a case involving negligence and/or malpractice and a municipal entity, the essential inquiry is whether (1) the facility was maintained in whole or in part by the municipality at the time the medical service was rendered, and (2) whether the medical professional performed services without being

---

[1] Defendant concedes the federal claims are not governed by the one year and ninety day statute of limitations. *See Meiselman v. Richardson*, 743 F. Supp. 143 (E.D.N.Y. 1990) (finding three year statute of limitations applied to § 1983 claims, not the one year and ninety day statute of limitations under Gen. Mun. Law § 50-i); *Bradley v. Rell*, 703 F. Supp. 2d 109 (N.D.N.Y. 2010) (finding the proper statute of limitations for a § 1983 claim brought against a municipality is three years); *see also Krause v. Buffalo and Erie County Workforce Dev. Consortium, Inc., et al.*, 425 F.Supp.2d 352, 365 (W.D.N.Y.2006) ("[A] § 1983 action is subject to a three-year statute of limitations.").

compensated by the patient. *See Marcus v. Rahn*, 226 A.D.2d 597, 598 (2d Dept. 1996) (citing *Pedrero v. Moreau*, 81 N.Y.2d 731, 732 (1992); *see also* Gen. Mun. Law § 50-d(1) (stating medical professionals rendering medical services in a public institution maintained in whole or in part by a municipal corporation who do not receive outside compensation from the patient are deemed employees of the municipal corporation). If both prongs of the above-mentioned test are satisfied, then provisions of General Municipal Law § 50-d apply, regardless of the technical employment status or title of the medical professional. *See Pedrero by Rivera v. Moreau*, 81 N.Y.2d 731, 732 (1992). Therefore, medical professionals are entitled to the notice of claim requirement and one year and ninety day statute of limitations governed by the General Municipal Law. *See* Gen. Mun. Law § 50-d(2).

In *Nuss v. McCally*, 276 A.D.2d 679, 680 (2d Dept. 2000), plaintiff commenced a lawsuit against defendant, a physician who treated plaintiff at a county owned medical center. Defendant moved to dismiss the complaint, on the ground plaintiff failed to serve a notice of claim required by General Municipal Law § 50-d(2) and violated the one year and ninety day statute of limitations. The lower court granted defendant's motion, and plaintiff appealed. The Second Department found defendant demonstrated as a matter of law that he rendered medical services to plaintiff in a public institution owned by a municipal corporation without receiving compensation from plaintiff. *Id.* For this reason, the Court found plaintiff was required to serve a notice of claim and commence the action within one year and ninety days, which plaintiff failed to do. *Id.* The Second Department affirmed the lower court's dismissal of plaintiff's complaint. *Id.*

In *Marcus v. Rahn*, 226 A.D.2d 597, 598 (2d Dept. 1996), plaintiff brought a medical malpractice action against defendant, who was an ophthalmologist in a county run medical

3

center, almost two years after treatment by defendant. Defendant moved to dismiss plaintiff's complaint, claiming plaintiff's suit was time-barred by the one year and ninety day statute of limitations governed by General Municipal Law §§ 50-d(2) and 50-e. *Id.* The lower court dismissed the malpractice claims, but did not dismiss the informed consent claims. *Id.* The Second Department found the hospital was maintained by the municipality at the time defendant rendered treatment to plaintiff. *Id.* Additionally, the Court found defendant was not compensated by plaintiff. *Id.* Thus, the Court concluded the one year and ninety day statute of limitations, as opposed to the two and a half year medical malpractice statute of limitations, applied. *Id.* The Second Department affirmed the lower court's dismissal of the medical malpractice claims. *Id.*

In this case, defendant has contracted with Albany County to provide medical care and treatment to inmates of the correctional facility. It is undisputed Albany County is a municipal entity and is, therefore, governed by the provisions of the General Municipal Laws. As an agent of this municipal entity, defendant is also governed by the General Municipal Laws. Similar to *Marcus* and *Nuss*, all medical treatment provided by defendant was rendered at Albany County Correctional Facility and these medical services were performed without compensation from plaintiff. For these reasons, the one year and ninety day statute of limitations provided by General Municipal Law §§ 50-d and 50-i apply to the facts of this case.

Assuming the last act of purported negligence engaged in by defendant occurred on June 22, 2012, the day plaintiff was released from Albany County Correctional Facility, plaintiff had one year and ninety days from this date to commence a lawsuit against defendant. Thus, plaintiff should have filed his complaint by September 20, 2013. It is undisputed plaintiff filed his Summons and Complaint on November 22, 2013, which is over one year and five months from the date of the alleged negligence. Thus, plaintiff missed the deadline to commence this action

by over two months. Plaintiff's delay precludes him from asserting his negligence claims against defendant. For this reason, plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress; and punitive damages should be dismissed with prejudice.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO FILE AND SERVE A NOTICE OF CLAIM

In New York, a plaintiff asserting state law tort claims against a municipal defendant must file a notice of claim as a statutory precedent to suit. *See* Gen. Mun. Law § 50-e; *see also Shakur v. McGrath*, 517 F.2d 983, 985 (2d Cir.1975). This procedural requirement also applies to state law claims brought in federal court. *See Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir.1999).[2] Additionally, this procedural requirement applies to medical professionals rendering medical services in a public institution maintained in whole or in part by a municipal corporation who do not receive outside compensation from the patient. *See* Gen. Mun. Law § 50-d(1-2).

Unless plaintiff complied with the notice of claim requirement, the action cannot commence. "Notice of claim requirements are construed strictly by New York state courts." *AT & T v. N.Y. City Dep't of Human Res.*, 736 F. Supp. 496, 499 (S.D.N.Y. 1990). "Absent a showing of such a notice of claim, the complaint may be dismissed for failure to state a cause of action." *Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257, 259 (S.D.N.Y. 1989) (citing *Wrenn v. N.Y. City Health & Hosps. Corp.*, 104 F.R.D. 553, 557 (S.D.N.Y. 1985)). The burden is on the

---

[2] Defendant concedes the notice of claim requirement is not applicable to plaintiff's alleged federal claims. *See Horvath v. Daniel*, 2006 WL 47683 (S.D.N.Y. Jan. 9, 2006) (citing *Wray v. City of New York*, 340 F.Supp.2d 291, 305 (E.D.N.Y 2004) ("[t]he notice of claim requirement is not applicable to federal claims under section 1983"); *see also Loeber v. Town of Halfmoon*, 1987 WL 30310 (N.D.N.Y. 1987) (for the federal claims, the failure to file and serve a notice of claim is not fatal to plaintiff's suit).

plaintiff to demonstrate compliance with the notice of claim requirement. *See Rattner v. Planning Comm'n of Vill. of Pleasantville*, 156 A.D.2d 521 (2d Dept. 1989).

In *Roddy v. Lay*, 2012 WL 4485680, *1 (W.D.N.Y. 2012), defendant moved for reconsideration of the Court's Order that granted plaintiff's motion to amend his complaint to assert state law claims of gross negligence, negligent infliction of emotional distress and medical negligence against defendant. Defendant, an employee of Physician Assistant of Western New York, P.C., was an agent of Erie County providing medical care and treatment to inmates. *Id.* In support of his motion for reconsideration, defendant argued the provisions of General Municipal Law § 50-i applied to him and required plaintiff to file a timely notice of claim. *Id.* The Court found § 50-i applies "not only to claims against municipalities, but also to suits against officer[s], agent[s] or employee[s] whose conduct caused the alleged injury." *Id.* (citing *Warner v. Village of Goshen Police Dept.*, 256 F. Supp. 2d 171, 174 (S.D.N.Y. 2003); *Norr v. Spiegler*, 72 A.D.2d 20, 22-23 (1st Dept. 1980) ("The rule is clear that the notice of claim . . . provisions of GML . . . § 50-i are defenses which may be raised by the doctor even though he, and not the city, was sued.")). The Court found because defendant's employment with Physician Assistant of Western New York required him to provide medical care and treatment to inmates in custody of the Erie County Correctional Facility, he was an agent of the County for the purposes of General Municipal Law § 50-i. *Id.* The Court found "plaintiff's failure to file a timely Notice of Claim render[ed] the claims of pendent claims of gross negligence, negligent infliction of emotional distress and medical negligence futile." *Id.*

In *Shakur v. McGrath*, 517 F.2d 983, 984 (2d Cir. 1975), a former inmate brought a malpractice suit against two physicians employed by the New York City Prison System. Plaintiff thereafter amended his complaint to include § 1983 claims against corrections officers

6

and employees of the prison. *Id.* Defendants moved to dismiss the malpractice claim, which was denied by the lower court. The Second Circuit reversed. The Second Circuit found "Section 50-d(2) of the General Municipal Law bars any malpractice claim against medical personnel employed by municipalities unless the party against whom the claim is made is served with a sufficient notice of claim thereof within ninety days after the claim arises." *Id.* The Court also found neither the defendant doctors nor the City was served with a notice of claim. *Id.* Ultimately, the Court found "there was no timely or sufficient compliance with Section 50-e of the General Municipal Law" and dismissed plaintiff's malpractice claim. *Id.*; *see also Nuss v. McCally*, 276 A.D.2d 679, 680 (2d Dept. 2000) (dismissing plaintiffs' complaint; finding defendant demonstrated as a matter of law that he rendered medical services to plaintiff in a public institution owned by a municipal corporation without receiving compensation from plaintiff, thus, plaintiffs were required to serve a notice of claim and commence the action within one year and ninety days); *Laroc v. City of New York*, 46 A.D.3d 760, 761 (2d Dept. 2007) (dismissing plaintiff's complaint for medical malpractice; finding plaintiff failed to file a notice of claim against the municipal defendants).

In *Horvath v. Daniel*, 423 F. Supp. 2d 421, 422 (S.D.N.Y. 2006), plaintiff brought § 1983 claims and state law medical malpractice and negligence claims against the County of Rockland and individual correctional facility physicians, nurses and managers. Defendants moved to dismiss because plaintiff failed to file a notice of claim with the County. *Id.* The Court originally denied defendants' motions as moot because the Court found the notice of claim requirement was not applicable to federal claims. *Id.* Defendants made a motion to reargue, arguing they only sought dismissal of the state law medical malpractice and negligence claims, which was granted by the Court. *Id.* After granting the motion to reargue, the Court found

plaintiff brought an action against the County and a number of individuals employed by the County, so the provisions of General Municipal Law § 50-d applied. *Id.* at 423. The Court found plaintiff must comply with the requirement to file and serve a notice of claim in order to have valid state law claims against defendants. *Id.* Because plaintiff failed to file a notice of claim, the Court dismissed plaintiff's state law claims. *Id.* at 425.

As mentioned above, Albany County is a municipal entity governed by General Municipal Law, including the provisions requiring a notice of claim in order for plaintiff to bring suit against a municipal entity. Similar to *Roddy,* because defendant is an agent of Albany County, the provisions of General Municipal Law§ 50-e apply to the facts of this case. Therefore, plaintiff must file and serve a notice of claim. It is undisputed plaintiff did not file and serve a notice of claim in this action. As in *Shakur* and *Horvath,* plaintiff's failure to file and serve a notice of claim precludes him from asserting his negligence claims against defendant. For this reason, plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress and punitive damages should be dismissed with prejudice.

### POINT III

### PLAINTIFF'S PUNITIVE DAMAGES CLAIM MUST BE DISMISSED BECAUSE THERE ARE NO FACTS PLEAD IN THE COMPLAINT EVIDENCING DEFENDANT'S ACTIONS WERE WANTON, INTENTIONAL, CRIMINAL, MALICIOUS OR IN DISREGARD TO PLAINTIFF'S RIGHTS

Punitive damages may be awarded in § 1983 cases when defendant's conduct is malicious, or involves callous or reckless indifference to federally protected rights. *See Smith v. Wade,* 461 U.S. 30, 56 (1983); *Rickets v. City of Hartford,* 74 F.3d 1397, 1412 (2d Cir.1996); *Jeffries v. Harleston,* 21 F.3d 1238, 1249 (2d Cir. 1994). Where a plaintiff does not plead facts that evidence wanton behavior or misconduct, plaintiff's punitive damages claim should be

8

dismissed. *See Self-Allah v. Annucci*, 1998 WL 912008 (W.D.N.Y. Oct. 14, 1998); *see also Twitchell v. MacKay*, 78 A.D.2d 125 (4th Dept. 1980) (dismissing plaintiff's punitive damages claim; finding the complaint failed to disclose any allegations supporting a punitive damages cause of action); *Rudolph v. Jerry Lynn, D.D.S., P.C.*, 16 A.D.3d 261, 261 (1st Dept. 2005) (dismissing plaintiff's punitive damages claim; finding there was "no evidence of any egregious or morally reprehensible conduct, or any of the other extreme aggravating factors which would warrant [punitive damages]").

In a malpractice action, punitive damages are "not recoverable unless the conduct is wantonly dishonest, grossly indifferent to patient care, or malicious and/or reckless." *Schiffer v. Speaker*, 36 A.D.3d 520, 521 (1st Dept. 2007). In *Dupree v. Guigliano,* 20 N.Y.3d 921, 922 (N.Y. 2012), plaintiff sought treatment with defendant for depression. Thereafter, plaintiff and defendant became involved in an adulterous relationship. *Id.* at 923. Plaintiff commenced a suit for medical malpractice several years after the sexual relationship first began. *Id.* The court instructed the jury to consider punitive damages. *Id.* The jury found defendant liable under the medical malpractice claim and plaintiff liable for comparative fault. *Id.* The jury awarded damages for past and future mental distress, and also $166,000 in punitive damages. *Id.* Defendant and plaintiff both appealed. *Id.* The Appellate Division affirmed the judgment below. *Id.* Leave to appeal was granted. *Id.* The Court of Appeals addressed the jury's award for punitive damages, and found they were improperly charged as a matter of law. *Id.* at 924. The Court reasoned, "[t]he standard for an award of punitive damages is that a defendant manifest evil or malicious conduct beyond any breach of professional duty." *Id.* The Court went on to say an award for punitive damages requires "'aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and

9

deliberate disregard of the interests of others that the conduct may be called willful or wanton." *Id.* (quoting *Prozeralik v. Capital Cities Communications*, 82 N.Y.S.2d 466, 479 (1993). Ultimately, the Court found defendant's actions did not equate to willful or wanton conduct. *Id.*

In *Marinaccio v. Town of Clarence*, 20 N.Y.3d 506 (N.Y. 2013), the Court of Appeals again reiterated its definition of punitive damages from *Dupree*. In *Marinaccio*, plaintiff and defendant were adjoining landowners. *Id.* at *1. Defendant created a new subdivision, and subsequently created over 30 acres of flooded wetland. *Id.* This wetland caused mosquitos and frogs to accrue on plaintiff's property. *Id.* Plaintiff brought suit alleging trespass, nuisance and seeking monetary damages. *Id.* The jury awarded $250,000 in punitive damages. *Id.* at *2. Defendant appealed the jury's award for punitive damages. *Id.* The Appellate Division affirmed the jury award. *Id.* The Court of Appeals vacated the award of punitive damages. *Id.* In doing so, the Court adopted the *Dupree* Court's standard for awarding punitive damages and reasoned,

> the standard for imposing punitive damages is a strict one and punitive damages will be awarded only in exceptional cases, the conduct justifying such an award must manifest 'spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interest of others that the conduct may be called willful or wanton.'

*Id.* (quoting *Dupree v. Giugliano, supra*, 20 N.Y.3d at 924). Additionally, the Court noted, "[p]unitive damages are permitted only when a defendant purposefully causes, or is grossly indifferent to causing, injury and defendant's behavior cannot be said to be merely volitional; an unmotivated, unintentional or even accidental result of a legally intentional act cannot, alone, qualify." *Id.* (citation omitted). Ultimately, the Court found "[p]unitive damages are award to punish and deter behavior involving moral turpitude." *Id.* Defendant's conduct did not meet this tough standard for punitive damages, so the Court of Appeals vacated the punitive damages award. *Id.; see also Rey v. Park View Nursing Home, Inc.*, 692 N.Y.S.2d 686, 687 (2d Dept.

1999) (internal citations omitted) (finding punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability or where conduct is so flagrant as to transcend mere carelessness or where the conduct constitutes willful or wanton negligence or recklessness).

In this case, plaintiff conclusively asserts defendants' conduct was "wanton, intentional, criminal, malicious and in reckless disregard of plaintiff's rights. *See* Exhibit A, at ¶ 134. However, plaintiff utterly fails to provide any evidence to support these assertions. Plaintiff alleges he was "fed only bouillon cubes and was not permitted to shower due to this injuries caused by Defendant Albany Police Officers." Exhibit A, at ¶ 27. Plaintiff also alleges he made numerous requests for medical assistance and hospital care, but these requests were refused or ignored. *See* Exhibit A, at ¶¶ 28-29. Assuming these allegations are true, for the sake of this motion only, plaintiff's allegations do not support a punitive damages claim. Plaintiff does not provide any evidence demonstrating defendant's alleged actions were wanton, intentional, criminal, malicious, grossly indifferent, or in disregard to plaintiff's rights. Thus, plaintiff's punitive damages claims should be dismissed as a matter of law.

## **CONCLUSION**

Pursuant to the foregoing, defendant, Correctional Medical Care, Inc., respectfully requests an Order of this Court granting its pre-answer motion to dismiss, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff's state law claims of negligence; negligent supervision, hiring and training; negligent infliction of emotional distress; and punitive damages with prejudice as barred by the provisions of General Municipal Law §§ 50-i(1), 50-d and 50-e.

Also, defendant respectfully requests an Order of this Court dismissing plaintiff's punitive damages claim, and for any such further relief as the Court deems just and proper.

Dated:   January 29, 2014                SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
Daniel R. Ryan, Esq.
(Bar Roll No.: 513902)
*Attorneys for Defendant,*
*Correctional Medical Care, Inc.*
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone:  (315) 474-2911

TO:   Lee C. Kindlon, Esq.
KINDLON SHANKS & ASSOCIATES
*Attorneys for Plaintiff*
74 Chapel Street
Albany, New York   12207
Telephone:  (518) 434-1493