**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**LARRY WILBURN, JR.,**

                        **Plaintiff,**

**ANSWER TO COMPLAINT WITH CROSS-CLAIM**

Civil Action 1:13-cv-1452 (GLS/CFH)

**CITY OF ALBANY; City of Albany Police Officers DEVIN ANDERSON and JOHN DOE 1, whose name is presently unknown, individually and/or as agents, servants, and/or employees of the City of Albany; COUNTY OF ALBANY; HON. CRAIG D. APPLE, Albany County Sheriff; JOHN/JANE DOE 2 and 3; CORRECTIONAL MEDICAL CARE, INC.; and JOHN/JANE DOE 4 and 5,**

                        **Defendants.**

---

    Defendants, County of Albany and Hon. Craig D. Apple, Albany County Sheriff, by their attorneys, Albany County Department of Law, respectfully submit the following upon information and belief:

    1. Defendants deny the allegations contained in paragraph "1" of the Complaint.

    2. Defendants deny the allegations contained in paragraph "2" of the Complaint.

    3. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

    4. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Defendants admit the allegations contained in paragraph "7" of the Complaint.

8. Defendants admit the allegations contained in paragraph "8" of the Complaint.

9. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Defendants admit the allegations contained in paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in paragraph "13" of the Complaint.

14. Defendants admit the allegations contained in paragraph "14" of the Complaint.

15. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants admit the allegations contained in paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in paragraph "29" of the Complaint to the extent they are alleged against defendants County of Albany and Hon. Craig D. Apple, Albany County Sheriff.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants repeat and reallege paragraphs "1" through "40" and incorporate the same herein by reference.

42. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "42", "43", "44", "45", "46", and "47"of the Complaint.

43. Defendants repeat and reallege paragraphs "1" through "47" and incorporate the same herein by reference.

44. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "49", "50", "51", "52", "53", and "54" of the Complaint.

45. Defendants repeat and reallege paragraphs "1" through "54" and incorporate the same herein by reference.

46. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "56", "57", "58", "59", "60", and "61" of the Complaint.

47. Defendants repeat and reallege paragraphs "1" through "61" and incorporate the same herein by reference.

48. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "63", "64", "65", "66", "67", and "68" of the Complaint.

49. Defendants repeat and reallege paragraphs "1" through "68" and incorporate the same herein by reference.

50. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "70", "71", "72", and "73" of the Complaint.

51. Defendants repeat and reallege paragraphs "1" through "73" and incorporate the same herein by reference.

52. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "75", "76", "77", "78", and "79" of the Complaint.

53. Defendants repeat and reallege paragraphs "1" through "79" and incorporate the same herein by reference.

54. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "81", "82", "83", "84", and "85" of the Complaint.

55. Defendants repeat and reallege paragraphs "1" through "85" and incorporate the same herein by reference.

56. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "87", "88", "89", "90", and "91" of the Complaint.

57. Defendants repeat and reallege paragraphs "1" through "91" and incorporate the same herein by reference.

58. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "93", "94", "95", "96", "97", and "98" of the Complaint.

59. Defendants repeat and reallege paragraphs "1" through "98" and incorporate the same herein by reference.

60. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "100", "101", "102", "103", and "104" of the Complaint.

61. Defendants repeat and reallege paragraphs "1" through "104" and incorporate the same herein by reference.

62. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "106", "107", "108", "109", and "110" of the Complaint.

63. Defendants repeat and reallege paragraphs "1" through "110" and incorporate the same herein by reference.

64. Defendants admit the allegations contained in paragraph "112" of the Complaint.

65. Defendants deny the allegations contained in paragraphs "113", "114", "115", "116", and "117" of the Complaint.

66. Defendants repeat and reallege paragraphs "1" through "117" and incorporate the same herein by reference.

67. Defendants deny the allegations contained in paragraphs "119", "120", "121", and "122" to the extent they relate to defendants County of Albany and Hon. Craig D. Apple, Albany

County Sheriff, but otherwise deny information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained therein.

68. Defendants repeat and reallege paragraphs "1" through "122" and incorporate the same herein by reference.

69. Defendants deny the allegations contained in paragraphs "124", "125", "126", and "127" to the extent they relate to defendants County of Albany and Hon. Craig D. Apple, Albany County Sheriff, but otherwise deny information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained therein.

70. Defendants repeat and reallege paragraphs "1" through "127" and incorporate the same herein by reference.

71. Defendants deny the allegations contained in paragraphs "129", "130", "131", and "132" of the Complaint.

72. Defendants repeat and reallege paragraphs "1" through "132" and incorporate the same herein by reference.

73. Defendants deny the allegations contained in paragraphs "134", "135", and "136" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74. The actions set forth in the Complaint are barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

75. Plaintiff has failed to obtain personal jurisdiction over the answering defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

76. Plaintiff has failed to comply with sections 50-e and 50-h of New York State General Municipal Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76. Plaintiff has failed to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Any and all alleged injuries and damages sustained by plaintiff at the times and places set forth in the Complaint were caused in whole or in part by plaintiff without any negligence, lack of care or fault of the answering defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. Any and all alleged injuries and damages sustained by plaintiff at the times and places set forth in the Complaint were contributed to by the culpable conduct and lack of care by plaintiff without any negligence, lack of care or fault of the answering defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. Any and all alleged injuries and damages sustained by plaintiff at the times and places set forth in the Complaint were caused by plaintiff's own intentional acts.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. Any and all alleged injuries and damages sustained by plaintiff at the times and places set forth in the Complaint were caused, in whole or in part, by the negligent acts and/or omissions of third parties over which the answering defendants have no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred by the Doctrines of Express and Implied Waiver.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred by the Doctrine of Unclean Hands.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred by his failure to satisfy conditions precedent to suit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

85. Any and all alleged damages sustained by plaintiff at the times and places set forth in the Complaint should be reduced to the extent plaintiff failed to mitigate such damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

86. Any and all injuries and damages sustained by plaintiff at the times and places set forth in the Complaint were the result of the contributory negligence of plaintiff, through his own careless and negligent acts, and without any negligence or carelessness of the answering defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

87. Pursuant to New York Civil Practice Laws and Rules Article 16, any liability to plaintiff by the answering defendants is limited.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88. Any and all acts of the answering defendants were performed in good faith and without malice or malfeasance.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

89. Any and all alleged negligence of the answering defendants was not a proximate case of the alleged injuries and damages set forth in the Complaint.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

90. The answering defendants maintain no customs, policies or practices which would deprive plaintiff or any other citizen of their constitutional rights.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

91. The actions of answering defendants, both alleged and actual, at the time and places set forth in the Complaint were in accordance with all lawful procedures and were justified.

**AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE**

92. The detention of plaintiff at the Albany County Correctional Facility was pursuant to court order and was done in good faith and legal justification without malice.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

93. The answering defendants are entitled to a qualified immunity defense.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

94. Any and all alleged force used on plaintiff by the answering defendants was reasonable and necessary.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

95. Any and all alleged actions of the answering defendants done in their official capacity were not in violation of any interest of plaintiff which is protected by the United States Constitution or Federal Statute.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

95. Any and all alleged actions of the answering defendants done in their official capacity were not in violation of any interest of plaintiff which is protected by the New York State Constitution or New York State Statute.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

96. It was objectively reasonable for the answering defendants to believe their actions were not in violation of any constitutional right maintained by plaintiff pursuant to well established law.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

97. That answering defendant, Hon. Craig D. Apple, Sr., acting in his official capacity as Albany County Sheriff, cannot be held liable for punitive damages.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

98. Any and all alleged actions of the answering defendants at the time and places set forth in the Complaint were pursuant to the reasonable exercise of proper and lawful discretion. Accordingly, the answering defendants are entitled to governmental immunity from liability.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

99. The answering defendants are governmental defendants and, as such, immune from a claim of punitive damages.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

100. Answering defendants hereby adopt the separate defenses heretofore and hereinafter asserted by all co-third-party defendants to the extent such defenses are not otherwise set forth herein.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

100. Based upon the vague and conclusory terms laid forth in the Complaint, the answering defendants cannot finally determine all affirmative defenses that may be applicable to this action. Thus, the answering defendants hereby reserve the right to assert any and all additional affirmative defenses which may later become applicable.

### DEMAND FOR JURY TRIAL

101. The answering defendants hereby demand a trial by jury in the instant action.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS CITY OF ALBANY, CITY OF ALBANY POLICE OFFICERS DEVIN ANDERSON AND JOHN DOE 1.

102. If the answering defendants are found in any way negligent, responsible, culpable or liable to any claim set forth in the Complaint, such negligence, responsibility, culpability liability is secondary, passive, derivative or lesser than the intentional or negligent actions, responsibilities, culpabilities or liabilities of defendants City of Albany and City of Albany Police Officers Devin Anderson and John Doe 1.

103. Any and all damages sustained by plaintiff were caused in whole or in part by the acts or omissions of defendants City of Albany and City of Albany Police Officers Devin Anderson and John Doe 1, who are and may be liable for contribution to the answering defendants on the basis of their equitable share of responsibility, either jointly or severally.

104. If plaintiff recovers judgment in any amount from the answering defendants, then the answering defendants are entitled to full or partial indemnification and/or contribution over and against defendants City of Albany and City of Albany Police Officers Devin Anderson and John Doe 1, either jointly or severally.

Date:   January 30, 2014

/s/_Patrick J. Collins_____
Patrick J Collins
Bar Roll No. 518092
112 State Street, Room 1010
Albany, New York 12207
patrick.collins@albanycounty.com
Phone: (518) 447-7110
Fax:    (518) 447-5564

TO:   Lee C. Kindlon, Esq.
      Kindlon, Shanks & Associates
      74 Chapel Street
      Albany, New York 12207
      Phone: (518) 434-1493
      Fax:    (518) 432-7806
      E-mail: lkindlon@kindlon.com

Eric P. Sugar, Esq
Corporation Counsel for
the City of Albany
City Hall, Room 106
24 Eagle Street
Albany, New York 12207
Phone: (518) 434-5050
Fax:    (518) 434-5070
E-mail: esugar@albanyny.gov

Daniel P. Ryan, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.,
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Phone: (315) 474-2911
Fax:    (315) 474-6015
E-mail: dryan@smithsovik.com