**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LARRY WILBURN, JR.,**

                Plaintiff,                      1:13-cv-1452
                                                            (GLS/CFH)
        v.

**CITY OF ALBANY et al.,**

                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Kindlon, Shanks & Associates<br>74 Chapel Street<br>Albany, NY 12207 | LEE CAREY KINDLON, ESQ.<br>GENNARO D. CALABRESE,<br>ESQ. |
| **FOR THE DEFENDANTS:**<br>*City of Albany, Devin Anderson*<br>City of Albany Corporation Counsel<br>City Hall, 24 Eagle Street<br>Albany, NY 12207 | ERIC P. SUGAR, ESQ.<br>JOHN JOSEPH REILLY, ESQ. |
| *County of Albany, Craig D. Apple*<br>Albany County Attorney's Office<br>112 State Street, Suite 1010<br>Albany, NY 12207 | PATRICK J. COLLINS, ESQ. |
| *Correctional Medical Care, Inc.*<br>Smith, Sovik Law Firm<br>250 South Clinton Street<br>Suite 600<br>Syracuse, NY 13202-1252 | DANIEL R. RYAN, ESQ.<br>KAREN J. KROGMAN, ESQ. |

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Larry Wilburn, Jr. commenced this action against defendants City of Albany, City of Albany Police Officer Devin Anderson, County of Albany, Hon. Craig D. Apple, Correctional Medical Care, Inc. (CMC), and several John/Jane Doe defendants, alleging violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, pursuant to 42 U.S.C. §§ 1982, 1983, 1985, and 1988, as well as various state common law causes of action. (*See generally* Compl., Dkt. No. 1.) CMC filed a pre-answer motion, pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of Wilburn's state law claims of negligence, negligent supervision, hiring, and training, and negligent infliction of emotional distress, and his claim seeking punitive damages. (Dkt. No. 19.) For the reasons that follow, the motion to dismiss is denied.

## II. Background[1]

Wilburn claims that on May 26, 2012, he was a passenger in a car that was stopped by Albany police officers. (Compl. ¶¶ 15-16.) During this

---

[1] The facts are drawn from Wilburn's complaint and presented in the light most favorable to him.

stop, Wilburn was subjected to physical abuse at the hands of the Albany police, causing numerous injuries. (*Id.* ¶¶ 17-21.) He was subsequently arraigned and held at the Albany County Correctional Facility from May 26, 2012 until June 22, 2012. (*Id.* ¶¶ 23-24.)

While incarcerated, Wilburn allegedly "was fed only bouillon cubes and was not permitted to shower due to the injuries caused by [Anderson and John Doe]." (*Id.* ¶ 27.) He further alleges that he made numerous requests for medical assistance or hospital care, which were refused or ignored by the Doe defendants, and that these refusals caused him additional pain and injuries. (*Id.* ¶¶ 28-31.)

As relevant to this motion, Wilburn asserts that CMC "had a contract with [the] County of Albany to provide medical services to the inmates of Albany County Correctional Facility." (*Id.* ¶ 12.) Wilburn alleges that CMC "failed to adequately train and/or supervise its . . . employees . . . to provide necessary and adequate medical care and assistance and to avoid the harmful acts and omissions, negligence, and resultant damages" he alleges. (*Id.* ¶ 37.) Wilburn commenced this action on November 22, 2013. (*See generally id.*)

### III. **Standard of Review**

3

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. <u>Discussion</u>

CMC alleges in its motion to dismiss that the state law claims brought against it for negligence, negligent supervision, hiring and training, and negligent infliction of emotional distress, are barred by the statute of limitations established by N.Y. General Municipal Law §§ 50-d and 50-i, and because Wilburn did not file and serve a notice of claim as required by N.Y. General Municipal Law § 50-e. (Dkt. No. 19, Attach. 3 at 2-8.) With respect to Wilburn's claim seeking punitive damages, CMC argues that dismissal is warranted because the complaint does not provide evidence that CMC's actions were wanton, intentional, criminal, malicious, or in disregard of Wilburn's rights. (*Id.* at 8-11.)

In response, Wilburn argues that CMC does not get the benefit of the notice of claim requirement or the shorter statute of limitations provided by the General Municipal Law because § 50-d does not apply to his causes of action, and because it has not been established that CMC was an agent of

4

a municipality—namely, the County of Albany—such that he would be required to comply with the notice of claim requirements for any claims against it. (Dkt. No. 25, Attach. 1 at 2-5.) With respect to the punitive damages claim, Wilburn argues that he has sufficiently pled facts that, if true, could support a punitive damages award. (*Id.* at 5-7.)

As a threshold matter, the court must determine whether the notice of claim requirements, and therefore the shorter one-year and ninety-day statute of limitations, of the New York General Municipal Law apply to Wilburn's claims against CMC, a "foreign corporation" that had contracted with the County of Albany to provide medical services to the inmates of Albany County Correctional Facility. (Compl. ¶¶ 10, 12.)

In New York, negligence claims are generally subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(5) (McKinney 2013). However, for claims against a municipality, a plaintiff must first serve a notice of claim within ninety days after the claim arises, and commence the action within a one-year and ninety-day limitations period. *See id.* § 217-a; N.Y. Gen. Mun. Law §§ 50-e, 50-i (McKinney 2013). "The provisions of N.Y. Gen. Mun. Law § 50-i apply not only to claims against municipalities, but also to suits against officer[s], agent[s] or employee[s] whose conduct

5

caused the alleged injury." *Warner v. Vill. of Goshen Police Dep't.*, 256 F. Supp. 2d 171, 174 (S.D.N.Y. 2003) (internal quotation marks and citations omitted). However, § 50-d provides that the notice of claim requirements also apply to claims of "damages for personal injuries alleged to have been sustained by [the plaintiff] by reason of the malpractice of [a] resident physician, physician, interne, dentist, podiatrist or optometrist" who has rendered medical services to the plaintiff in a public institution maintained by a municipality, without receiving compensation from the plaintiff. N.Y. Gen. Mun. Law § 50-d.

CMC first argues that it is entitled to the shorter statute of limitations of the General Municipal Law, and that Wilburn was required to file a notice of claim for his state law causes of action against CMC, because it meets the requirements of § 50-d. (Dkt. No. 19, Attach. 3 at 2-8.) However, § 50-d does not apply to this case, because this provision applies only to claims for medical malpractice. *See Kramer v. City of N.Y.*, 157 A.D.2d 404, 411 (1st Dep't 1990) ("It is abundantly clear that both the Legislature and the courts were restrictive, as a matter of policy, in the construction of [§ 50-d, and that] while [§ 50-d] affords municipal medical professionals protection from actions alleging malpractice, that is not to say that it protects them

6

from [other] torts."). Wilburn argues that he is not alleging medical malpractice, but rather his causes of action against CMC and its unnamed employees—among other defendants—sound in common law negligence for CMC's failure to provide adequate supervision, its deliberate indifference to his serious medical needs, and its negligent supervision and failure to train its employees, as well as a cause of action for negligent infliction of emotional distress. (Dkt. No. 25, Attach. 1 at 3-4.) He has not asserted a medical malpractice claim against any named medical professional, and therefore § 50-d does not subject the claims against CMC to the notice of claim requirements. *See Kramer*, 157 A.D.2d at 411.

CMC alternatively argues that the notice of claim requirements, and the shorter statute of limitations, apply to claims against it because it was acting as an agent of a municipality, namely Albany County. (Dkt. No. 19, Attach. 3 at 5-8.) Wilburn argues that no agency relationship has been established, and that CMC was instead an independent contractor.[2] (Dkt.

---

[2] The court notes that, in his response papers, Wilburn referenced the "Health Services Agreement" between CMC and the County of Albany, which purports to designate CMC as an "independent contractor." (Dkt. No. 25, Attach. 1 at 2-3.) CMC argues in reply that this contract should not be considered by the court, as this is a motion made pursuant to Fed. R. Civ. P. 12(b)(6), and the court's consideration is therefore limited to the complaint itself. (Dkt. No. 27, Attach. 1 at 2-4.) Under certain

7

No. 25, Attach. 1 at 2-3, 4-5.)  At this juncture, the court does not have a sufficient basis for determining the status of CMC's relationship with the county, and the potential existence of any agency relationship.  This determination is more appropriately made after additional facts have been adduced through discovery that would further clarify the parameters of the relationship between CMC and the county.

Lastly, CMC has moved to dismiss Wilburn's claim for punitive damages.  (Dkt. No. 19, Attach. 3 at 8-11.)  Specifically, CMC argues that Wilburn has not provided any "evidence demonstrating [that CMC's] alleged actions were wanton, intentional, criminal, malicious, grossly indifferent, or in disregard to [Wilburn]'s rights."  (*Id.* at 11.)  However, at the motion to dismiss stage, it is not Wilburn's burden to provide "evidence" demonstrating that punitive damages are merited here; Wilburn is merely required to make plausible allegations which, if true, would support a claim for punitive damages.  See *Ellis*, 701 F. Supp. 2d at 218.  Here, Wilburn

---

circumstances, documents outside of the complaint may be considered on a 12(b)(6) motion, for example, where "they are incorporated within or integral to the complaint." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013) (internal citations omitted).  However, that exception is inapplicable here, and accordingly, the contract, (Dkt. No. 25 at 6-26), is excluded from consideration as outside of the pleadings.  See Fed. R. Civ. P. 12(d).

8

has alleged that he made several requests for medical assistance or hospital care, and that these requests were either refused or ignored by CMC and its employees. (Compl. ¶¶ 28-30, 119, 124.) While these allegations may ultimately be unsubstantiated on a fuller record, they are sufficient at this stage to survive a motion to dismiss for failure to state a claim. *See Mahar v. U.S. Xpress Enters., Inc.*, 688 F. Supp. 2d 95, 105-06 (N.D.N.Y. 2010). CMC's motion on this basis is therefore denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that CMC's motion to dismiss (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Hummel to schedule further proceedings in accordance with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 5, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court